UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO RODRIGUEZ,<br><br>                            Plaintiff<br><br>v.<br><br>JOHN KEAST, et al.,<br><br>                            Defendants | Case No. 3:24-cv-00327-MMD-CSD<br><br>ORDER |

On July 24, 2024, pro se plaintiff Fernando Rodriguez, an inmate in the custody of the Nevada Department of Corrections who is housed at Northern Nevada Correctional Center ("NNCC"), submitted a document titled "emergency motion for preliminary injunction and/or temporary restraining order." (ECF Nos. 1-1). But Plaintiff neither paid the full $405 filing fee for a civil action nor filed an application to proceed *in forma pauperis*. And his initiating document does not constitute a complaint.

Plaintiff states in the motion that he is submitting a "first amended complaint" and supporting exhibits along with the motion. But no such documents were submitted with the motion. Moreover, the Court notes that Plaintiff filed an earlier action styled *Rodriguez v. Keast*, Case No. 3:24-cv-00218-MMD-CSD, that is still pending and appears to concern the matters discussed in the motion filed in this action. The Court will grant Plaintiff an extension of time to submit a signed complaint and either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* by an inmate at NNCC. Alternatively, if Plaintiff intended to file his injunctive-relief motion in Case No. 3:24-cv-00218-MMD-CSD, and this new action was filed in error, then he must file notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing this action (Case No. 3:24-cv-00327-MMD-CSD), and file his motion in his earlier action (3:24-cv-00218-MMD-CSD).

## I. DISCUSSION

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this Court or must be legible and contain substantially all the information called for by the Court's form." Nev. LSR 2-1. The complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. LSR 1-1. Effective February 1, 2024, NNCC inmates filing lawsuits in the U.S. District Court for the District of Nevada are directed to apply for *in forma pauperis* status using the form titled "Application to Proceed *In Forma Pauperis* by an Inmate at Northern Nevada Correctional Center."

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). This Court has "discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* Additionally, duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (collecting cases).

## II. CONCLUSION

It is therefore ordered that Plaintiff has **until August 26, 2024**, to submit a signed complaint to this Court.

It is further ordered that Plaintiff has **until August 26, 2024**, to either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis*, which is pages 1–3 of the Court's approved form for inmates at NNCC.

Alternatively if Plaintiff intended to file his injunctive-relief motion in his earlier action (Case No. 3:24-cv-00218-MMD-CSD), and this action was initiated in error, then **on or August 26, 2024**, he must file notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing this action (Case No. 3:24-cv-00327-MMD-CSD), and he must take the appropriate steps to file his motion in his other case.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complaint and either pay the filing fee or properly apply for *in forma pauperis* status.

The Clerk of the Court is directed to send Plaintiff Fernando Rodriguez (1) the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same and (2) an application to proceed *in forma pauperis* by an inmate at NNCC and instructions for the same.

DATED THIS 26th day of July 2024.



UNITED STATES MAGISTRATE JUDGE